UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARK WIGHTMAN, D.D.S., COURTNEY WIGHTMAN, D.D.S. AND WIGHTMAN FAMILY DENTAL, L.L.C. | * * * * | CIVIL ACTION NO.: |
| | * | JUDGE: |
| vs. | * * | SECTION: |
| | * | MAGISTRATE: |
| AMERITAS LIFE INSURANCE CORP. AND DENTEMAX, L.L.C. Defendants | * * * | |

**COMPLAINT FOR DAMAGES**

The Complaint of **MARK WIGHTMAN, D.D.S. COURTNEY WIGHTMAN, D.D.S.** and **WIGHTMAN FAMILY DENTAL, LLC**, with respect represent that:

PARTIES

1.

Petitioners, **Mark Wightman, D.D.S.,** and **Courtney Wightman, D.D.S**, are both persons of the full age of majority and residents of New Orleans, Louisiana and domiciled in the Parish of Orleans, State of Louisiana.

2.

Petitioner, **Wightman Family Dental, L.L.C**. (hereinafter "Wightman Dental"), a Louisiana limited liability company domiciled in Orleans Parish, State of Louisiana and authorized to do and doing business in the State of Louisiana, with its primary office located in St. Bernard Parish, Louisiana.

3.

1

The following parties are made defendants herein:

a) **Ameritas Life Insurance Corp.** (hereinafter "**Ameritas**"), a foreign corporation authorized to do and doing business in the State of Louisiana, with its primary office situated in Lincoln, Nebraska; and

b) **DenteMax, L.L.C.** ("DenteMax" and collectively "Defendants"), a foreign corporation authorized to do and doing business in the State of Louisiana, with its primary office situated in Southfield, Michigan.

## JURISDICTION AND VENUE

4.

This Court has diversity jurisdiction over this matter as the amount in controversy exceeds the requisite statutory minimum and involves citizens of the State of Louisiana and corporations domiciled in the States of Illinois and Michigan. Venue is proper in this court as the Petitioners are domiciled in the State of Louisiana, and their principal place of business is 2212 Paris Road, Chalmette, Louisiana 70043.

## FACTS

5.

Mark Wightman, D.D.S, Courtney Wightman D.D.S and other Dentists who have worked at Wightman Dental are health care providers under Louisiana Tile 40 (including but not limited to La. R.S. 40:2202 and La. R.S. 40:1231.1).

6.

Ameritas and Dentemax are "Group Purchasers", defined as:

(a) "**Entities which contract for the benefit of their insured**, employees, or members such as insurers, self-funded organizations, Taft-Hartley trust, or employers who

establish or participate in self-funded trust or programs.

(b) **entities which serve as brokers for the formation of such contracts, including health care financiers, third party administrators, providers or other intermediaries**. La. R.S. 40:2202(3)(a) and (b).

7.

At all times material, Petitioners had one or more contractual arrangements for PPOs, including but not limited to DenteMax. A PPO is defined as a "contractual agreement or agreements between a provider or providers and a group purchaser or **purchasers** to provide for alternative rates of payment specified in advance for a defined period of time in which the provider agrees to accept these alternative rates of payment offered by the group purchasers to their members whenever a member chooses to use its services..." La. R.S. 40:2202(5)(a) and (a)(i).

8.

Beginning in year 2012, Petitioners' patients presented Ameritas benefit cards at times of service. The fronts of these patient benefit cards indicate Ameritas as the group purchaser or PPO. However, after services were performed Petitioners were paid an alternate rate not specified by Ameritas and as published on its members benefit cards which is required by law. Instead, the reimbursement rates utilized by Ameritas were reduced rates through DenteMax.

9.

After examination of Ameritas explanation of benefits (EOBs), Petitioners found numerous instances in which Ameritas EOB reflected DenteMax's contracted PPO pricing rates and not the pricing rates originally specified on Ameritas' cards at the time of service.

10.

In all instances, Ameritas did not use proper cards and DenteMax did not issue member cards or notify Petitioners in advance that alternative rate would be paid for patient services performed, in direct violation of La. R.S. 40:2203.1

11.

In 2018, Petitioners submitted a written request to Ameritas concerning their claims for losses for dental service fees provided in behalf of Ameritas and its member patients and outlined the specific unlawful acts and omissions of Ameritas in violation of LA R.S. 40:2203.1.

12.

Ameritas issued a written response dated October 24, 2018, claiming not to be a "group purchaser" under Louisiana law, and in any event it had complied with the law since Petitioners were aware or made aware of the Ameritas-DenteMax leasing arrangement commencing in 2012.

13.

Ameritas has "leased" a PPO rate from DenteMax and/or engaged in a "silent PPO" which is prohibited under LA R.S. 44:2203.1. This Statue in relevant part states as follows:

> B. **A preferred provider organization's <u>alternative rates of payment</u> shall <u>not</u> be enforceable or binding upon any provider <u>unless</u> such organization is clearly identified on the benefit card** issued by the group purchaser or other entity accessing a group purchaser's contractual agreement or agreements and presented to the participating provider when medical care is provided. **When more than one preferred provider organization is shown on the benefit card** of a group purchaser or other

entity, the applicable contractual agreement that shall be binding on a provider shall be determined as follows:

(1) **The first preferred provider organization domiciled in this state**, listed on the benefit card, beginning on the front of the card, reading from left to right, line by line, from top to bottom, that is applicable to a provider on the date medical care is rendered, **shall establish the contractual agreement for payment that shall apply.**

## FAULT

14.

LA R.S. 44:2203.1 prohibits the acts and omissions of Ameritas in failing to pay Petitioners the proper reimbursement rate identified on its members benefit cards for services provided and instead, Ameritas has contracted with DenteMax and Petitioners have been reimbursed an alternative rate without any prior notification simply because Ameritas has chosen to secretly contract with DenteMax.

15.

The deliberate actions of Defendants are violative of Louisiana Law and have resulted in financial losses along with losses of other tangible benefits to Petitioners.

16.

These losses by Petitioners jeopardize the quality of care received by patients, and the ability of health care providers to maintain, update, and expand their facilities to serve their patients and communities and to meet federal and state standards and regulations.

17.

The deliberate actions of Defendants violate the clear legislative concern when creating the Health Care Control law, La. RS: 40:2201. Defendants' actions have resulted in an unlawful windfall for Defendants at the direct expense of Petitioners, in clear violation of LA R.S. 40:2203.1.

18.

Petitioners consider the actions of Defendants to be an ongoing breach and continued violation of LA R.S. 40:2203.1.

19.

Petitioners also contend that they are entitled to recover additional reimbursement funds, in addition to the statutory penalties and damages provision of LA R.S. 40:2203.1(G), because Defendants failed to disclose certain information on member benefit cards at the times of service.

BEACH OF CONTRACT

20.

Ameritas and DenteMax's practice of leasing the contracted rates of P.P.Os without any prior notification to providers, (by either member benefit cards or advance written notice), causes any agreement and/or contract to be null and void because the leased rates utilized by Ameritas are not its published rates as specified on the members benefit cards and DenteMax failed to notify Pettioners with at least 30 day notice or issue cards to patients. These actions violate the Petitioners' provider agreements with DenteMax for the period of 2012 through 2016.

21.

A contract is a legal obligation whereby one party is bound to render a performance to another; it has the effect of law for the parties, and thus its provisions are enforced, as written, with resultant liability. La C.C. arts. 1756, 1983; *Jefferson Parish School Board v. Rowley Co.,* 305 So. 2d 658 (La App. 4th Cir, 1974). The terms of the Provider Agreement contract are clear and unambiguous, and entitle Petitioners to be paid a specific, agreed upon rate for services rendered with DenteMax.

## DAMAGES

22.

As a result of the afore described wanton and willful disregard of the law and its contracts, Defendants are liable unto Petitioners for repayment of all underpayments, fair market value for all services performed and rendered, for mental anguish, emotional distress, worry and concern caused by wrongful reimbursement practices, loss of profits or use, out-of-pocket expenses, as well as all other damages allowed by law, along with attorney's fees, costs, and expenses allowed by law.

23.

In addition, LA R.S. 40:2203.1(G) provides that "failure to comply with the provisions of Subsection A, B, C, D or F of this Section shall subject a group purchaser to damages payable to the provider of double the fair market value of the medical services provided…. together with attorney fees."

24.

Petitioners' damages will be calculated based on the penalty provisions contained in LA R.S. 40:2203.1(G) and the total Ameritas EOBs on file with the Petitioners beginning in January 1, 2012 to present date. Moreover, Petitioners' damages include the total EOB's sent to Petitioners, regardless of insurer or PPO, paid at DenteMax rates where DenteMax did not issue cards or notify the Petitions 30 days in advance as required by LA R.S. 40:2203.1

## DECLARATORY RELIEF

25.

Defendants continue to engage in unlawful billing and reimbursement attempts as more fully outlined hereinabove. Petitioners therefore request that this Court preliminary and permanently enjoin Defendants from engaging further in the billing and reimbursement attempts as outlined hereinabove in addition to paying all damages due the Petitioners.

26.

Petitioners seek to have future payments for services performed with respect to patients with Ameritas member benefit cards to be made transparently and at rates identified before services are rendered.

27.

Ameritas and DenteMax should practice transparency in Louisiana and disclose in advance any alternative reimbursement rates on its member benefit cards and prior to the time of service, and Ameritas should be prohibited from then reimbursing Petitioners using a lesser reimbursement rate silently leased from a third party after services are performed.

WHEREFORE, PETITIONERS, **MARK WIGHTMAN D.D.S., COURTNEY WIGHMAN, D.D.S. AND WIGHTMAN FAMILY DENTAL L.L.C**., PRAY THAT:

I. Defendants are duly cited to appear and answer this Petition and they be served with a copy thereof;

II. After due proceeded had and the lapse of all legal delays, there be judgment herein in favor of Petitioners, Mark Wightman D.D.S. Courtney Wightman D.D.S. and Wightman Family Dental L.L.C., against the defendants, **Ameritas Life Insurance Corporation**, and **Dentemax L.L.C.** in the form of:

A. A judgment declaring Defendants in violation of the laws due to its practices and has breached its contract with Petitioners;

B. A judgment declaring that all actions at law asserted by Defendants should also be deemed unenforceable and reimbursed retroactively to 2012;

C. A preliminary injunction and permanent injunction enjoining Defendants from engaging in the practice of "leasing" a PPO when reimbursing its providers;

D. A preliminary injunction and permanent injunction enjoining Defendants from maintaining actions at law in violation of the above-mentioned statutes; and

E. Damages, attorneys' fees and costs as are reasonable in the premises, specifically provided by LA R.S. 40:2203.1, together with legal interest thereon as allowed by law until paid for all costs of these proceedings.

Respectfully submitted,

**MARTZELL, BICKFORD & CENTOLA**

*/s/ Neil F. Nazareth*
**NEIL F. NAZARETH (#28969)**
**SCOTT R. BICKFORD, T.A. (#1165)**
**LAWRENCE J. CENTOLA, III (#27402)**
**JASON Z. LANDRY (#33932)**
**SPENCER R. DOODY (#27795)**
338 Lafayette Street
New Orleans, LA
Telephone: (504) 581-9065
Facsimile: (504) 581-7635
Email: nfn@mbfirm.com

**AND**

Christian N. Weiler, Bar No. 30116
**WEILER & REES, LLC**
909 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Telephone: (504) 524-2944
Fax: (504) 524-2969
Email: cweiler@wrtaxlaw.com

**ATTORNEYS FOR PETITIONERS**

**PLEASE ISSUE CITATIONS TO:**

**VIA LONG-ARM SERVICE:**
Ameritas Life Insurance Corp., through its registered agent:
Andrea D. Snowden
5900 O Street
Lincoln, Nebraska 68510

**and**

Dentemax, LLC, through its Registered Agent:
Registered Agent Solutions, Inc.
3867 Plaza Tower Drive, 1st Floor
Baton Rouge, LA 70816