UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK WIGHTMAN, D.D.S. ET AL. | CIVIL ACTION |
| VERSUS | NO: 19-11628 |
| AMERITAS LIFE INSURANCE CORP. AND DENTEMAX, L.L.C. | SECTION: "J"(3) |

## ORDER AND REASONS

Before the Court are Plaintiffs Mark J. Wightman, D.D.S., Courtney W. Wightman, D.D.S., and Wightman Family Dental, LLC's *Motion for Reconsideration* **(Rec. Doc. 217)**, and Defendant Ameritas Life Insurance Corp.'s opposition (Rec. Doc. 227), to which Plaintiffs reply (Rec. Doc. 228). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Parties are well familiar with the facts and procedural history of this dispute over dental reimbursement rates. Plaintiffs Mark Wightman and Courtney Wightman are dentists who own and operate a family dentistry, Wightman Family Dental, L.L.C. Plaintiffs entered into a preferred provider organization ("PPO") agreement with DenteMax, L.L.C. Subsequently, Ameritas Life Insurance Corp.

1

leased the DenteMax PPO network, which granted Ameritas access to DenteMax's reduced PPO reimbursement rate. After Ameritas refused to reimburse above the reduced PPO rate, Plaintiffs initiated the present action against DenteMax and Ameritas for violations of Louisiana's PPO Act. *See* La. Stat. Ann. § 40:2203.1. Plaintiffs have settled their claims against DenteMax.

Pertinent here, the Court recently granted Ameritas's Motion for Summary Judgment, finding the legislative intent in the 2021 passage of Louisiana's Network Leasing Act to render the PPO Act inapplicable to Plaintiffs' claims against Ameritas and, thus, their dismissal proper. (Rec. Doc. 206). Plaintiffs now move for reconsideration of that Order and Reasons and its related Judgment.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e). *Southern Snow Manufacturing Co, Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest

errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478–79; *SnoWizard*, 921 F. Supp. 2d at 565. Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *SnoWizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

## DISCUSSION

Plaintiffs insist this Court misinterpreted Louisiana's PPO Act—its embrace of dental services, its complementary enforcement mechanism to that in the Network Leasing Act, and its applicability to contractual arrangements between entities like DenteMax and Ameritas. None, however, is a new argument, as Plaintiffs extensively briefed each legal position in their opposition to Ameritas's Motion for Summary Judgment. (Rec. Doc. 190-1). Motions for reconsideration should not be used to "re-

3

litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin*, 2010 WL 3943522, at *2. Thoroughly considered, these arguments are better made in Plaintiffs' noticed appeal. (Rec. Doc. 212).

As a new argument, Plaintiffs also assert the Court mistakenly gave the Network Leasing Act broad—and possibly even retroactive—applicability, contrary to its substance and explicit provisions: "[T]he Court determined that the Providers had no valid claim against Ameritas and any attempt to amend their pleadings would be futile. However, in this case, the Providers' claims stem from conduct predating the [Network Leasing Act's] enactment, rendering its provisions inapplicable." (Rec. Doc. 217-2 at 27). Plaintiffs muddle the issue. The Court previously held, based on the clear expression of the statute's text, that the Network Leasing Act had prospective effect only. (Rec. Doc. 206 at 9). Thus, as the alleged conduct antedated the statute's effectiveness, the Network Leasing Act would not apply to Plaintiffs' action. Plaintiffs mistakenly conclude that their claims against Ameritas were dismissed because the Court applied the Network Leasing Act retroactively. Plaintiffs' conclusion follows from their central argument that the PPO Act applies to their action. Simply put, if the Network Leasing Act's effectiveness is prospective only, then the Court would have to look to the PPO Act for Plaintiffs' earlier allegations. Their syllogism is unsupported by this Court's previous legal conclusions.

Contrary to Plaintiffs' conclusion, this Court found that the PPO Act—effective at the time of the alleged conduct—did not apply to Plaintiffs' action. And it was the

PPO Act claim alone that Plaintiffs had preserved against Ameritas at this juncture in the litigation. As this Court held of the non-PPO Act claims:

> Plaintiffs debate that they abandoned non-PPO Act claims through their appeal. (Rec. Doc. 190-1 at 6 n.33 ("Ameritas contends the Providers abandoned their claims sounding in breach of contract, unjust enrichment, and injunctive relief because they did not raise those claims on appeal. This contention is false and Ameritas has not proffered any evidence in support.")). However, in their briefing on appeal, Plaintiffs only offered passing mention to other claims against Ameritas, including the unjust enrichment claim. Such mention, moreover, only argued against claim dismissal as related to prescription: "The District Court erred when it found that Wightman's separate claims for breach of contract and unjust enrichment against Ameritas were prescribed and that Wightman's did not have a legal right to pursue unjust enrichment claims against Ameritas because it 'had a remedy against DenteMax that was prescribed.'" *Wightman v. Ameritas Life Insurance Corp.*, No. 21-30148, DCN No. 28 at 78 (5th Cir. June 9, 2021). Although the alleged source of Plaintiffs' quotation is the Order and Reasons appealed from, the quotation is absent from the Court's ruling. The closest Plaintiffs get is the Court's introduction of Ameritas's unjust enrichment argument: "Ameritas argues that Plaintiffs had a remedy against DenteMax under La. R.S. 40:2203.1, which precludes Plaintiffs from bringing an unjust enrichment claim against Ameritas, despite the prescription of that claim against DenteMax." (Rec. Doc. 144 at 9). Plaintiffs mischaracterize the Court's basis for dismissal of the unjust enrichment claim and fail to brief the issue on appeal. Accordingly, any appeal of the breach of contract, unjust enrichment, and injunctive relief claims were previously resolved, abandoned by Plaintiffs, and are no longer before the Court. *See Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 968 n.1 (5th Cir. 2023) (quoting *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983)) ("Claims not pressed on appeal are deemed abandoned.").

*Id.* at 3–4 n.3. To the extent Plaintiffs now contend non-PPO Act claims still remain, this Court again rejects their argument.

Finally, Plaintiffs fault the Court for not permitting a fourth amendment to their complaint. Federal Rule of Civil Procedure 15(a) provides that a court should grant leave to amend freely when justice so requires. Leave to amend is not

5

automatic, but a district court must possess a "substantial reason" to deny a request for leave to amend. *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). To determine whether to grant leave to amend, a court "may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

Here, amendment of the complaint would be futile. As support for their reurged amendment request, Plaintiffs argue they have "identified numerous statutory provisions and regulations governing the contracts and conduct at issue, [and thus,] should have been allowed to amend their pleadings to incorporate intervening case law, factual developments, and clarifications regarding the alleged breaches." (Rec. Doc. 217-2 at 28). As the Court explained above and in the previous Order and Reasons, however, Plaintiffs' argument is premised on conclusions of Louisiana statutory application raised before and rejected by the Court. In this Motion for Reconsideration, Plaintiffs present no basis for the extraordinary remedy of complaint amendment. As the Court previously concluded, "Plaintiffs' request to amend their complaint for a fourth time would be an exercise in futility." (Rec. Doc. 206 at 11).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that *Motion for Reconsideration* **(Rec. Doc. 217)** is **DENIED**.

New Orleans, Louisiana, this 22nd day of January, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE